## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEX CICCOTELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MMA CAPITAL HOLDINGS, INC., | ) | |
| MICHAEL FALCONE, FREDERICK | ) | |
| PUDDESTER, JAMES PRESTON GRANT, | ) | |
| CECIL E. FLAMER, CHRIS HUNT, LISA | ) | |
| KAY, and SUZANNE G. KUCERA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on May 24, 2021 (the "Proposed Transaction"), pursuant to which MMA Capital Holdings, Inc. ("MMA" or the "Company") will be acquired by an affiliate of Fundamental Advisors LP.

2.     On May 24, 2021, MMA's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with FP Acquisition Parent, LLC ("Parent") and FP Acquisition Merger Sub, LLC ("Merger Sub").  Pursuant to the terms of the Merger Agreement, MMA's stockholders will receive $27.77 in cash for each share of MMA common stock they own.

3.      On July 13, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MMA common stock.

9.      Defendant MMA is a Delaware corporation and a party to the Merger Agreement. MMA's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "MMAC."

10.     Defendant Michael Falcone is Chairman of the Board of the Company.

11.     Defendant Frederick Puddester is a director of the Company.

12.     Defendant James Preston Grant is a director of the Company.

13.     Defendant Cecil E. Flamer is a director of the Company.

14.     Defendant Chris Hunt is a director of the Company.

15.     Defendant Lisa Kay is a director of the Company.

16.     Defendant Suzanne G. Kucera is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

18.     MMA focuses on infrastructure-related investments that generate positive environmental and social impacts.

19.     On May 24, 2021, MMA's Board caused the Company to enter into the Merger Agreement.

20.     Pursuant to the terms of the Merger Agreement, MMA's stockholders will receive $27.77 in cash per share.

21.     According to the press release announcing the Proposed Transaction:

MMA Capital Holdings, Inc. (Nasdaq: MMAC) ("MMA" or the "Company"), an infrastructure finance company focused on providing debt financing for renewable energy projects, today announced that it has entered into a definitive merger agreement with an affiliate of Fundamental Advisors LP (together "Fundamental"), under which it will be acquired by Fundamental in an all-cash transaction valued at approximately $161.7 million (the "Merger Agreement").

Under the terms of the Merger Agreement, holders of MMA's common stock will upon the closing of the merger receive $27.77 per share in cash. This represents a

35% premium over the 90-day volume-weighted average share price ending May 21, 2021 and a 62% premium over the May 21, 2021 closing share price. . . .

Approvals and Timing

The agreement has been approved by the Company's Board of Directors upon the unanimous recommendation of a Transaction Committee consisting of all disinterested directors.

The transaction, which is currently expected to close in the third quarter of 2021, is subject to customary closing conditions, including the approval of MMA's stockholders, who will vote on the transaction at a special meeting on a date to be announced. Closing of the transaction is also contingent on the simultaneous termination of the Company's external management agreement and the acquisition by Fundamental of certain platform assets from MMA's external manager pursuant to agreements that were executed concurrently with the Merger Agreement.

Advisors

TD Securities (USA) LLC is serving as exclusive financial advisor, and King & Spalding and Gallagher Evelius & Jones LLP are serving as legal advisors, to MMA. Houlihan Lokey is serving as financial advisor, and Sidley Austin LLP is serving as legal advisor to Fundamental.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23.     As set forth below, the Proxy Statement omits material information.

24.     First, the Proxy Statement fails to disclose the "MMAC Projections."

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, TD Securities (USA) LLC ("TD Securities").

27.     With respect to TD Securities' Net Asset Value Analysis, the Proxy Statement fails to disclose: (i) the projections used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates; and (iii) TD Securities' basis for applying the multiples used in the analysis.

28.     With respect to TD Securities' Precedent Transactions Multiples Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions.

29.     With respect to TD Securities' Precedent Transaction Premiums Analysis, the Proxy Statement fails to disclose the individual premiums paid in the transactions.

30.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31.     Third, the Proxy Statement fails to disclose the timing and nature of the past services TD Securities provided to the Company and its affiliates, and the amount of compensation received by TD Securities for providing the services.

32.     Fourth, the Proxy Statement fails to disclose the terms of the confidentiality agreements executed by the Company during the process leading up to the Proposed Transaction.

33.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

34.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and MMA**

35.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  MMA is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

41.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of MMA within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of MMA and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 28, 2021                     **RIGRODSKY LAW, P.A.**

                                           By:   */s/ Gina M. Serra*
                                                 Seth D. Rigrodsky
                                                 Timothy J. MacFall
                                                 Gina M. Serra
                                                 Vincent A. Licata
                                                 825 East Gate Boulevard, Suite 300
                                                 Garden City, NY 11530
                                                 Telephone: (516) 683-3516
                                                 Email: sdr@rl-legal.com
                                                 Email: tjm@rl-legal.com
                                                 Email: gms@rl-legal.com
                                                 Email: vl@rl-legal.com

                                                 *Attorneys for Plaintiff*